THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EMILIO CASIANO CRUZ, Defendant and Appellant.

No. CE-65-25.     Decided January 31, 1967.

*Luis Mejías López* and *Luis Negrón Lizardi* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant was convicted of a violation of § 137 of the Penal Code, 33 L.P.R.A. § 495, the text of which we copy hereinafter. One of the errors assigned alleges that the facts do not constitute a violation of said section.

The record shows that an Inspector of the Department of Health went to notify appellant of some sanitary deficiencies in an establishment belonging to the latter. The Inspector requested appellant to sign a printed form and to keep a copy thereof. Appellant refused to sign and used vile language.

We should, therefore, determine whether those facts constitute a violation of § 137 aforementioned. Said section provides the following:

"Every person who wilfully resists, delays, or obstructs any public officer, in the discharge or attempt to discharge any duty of his office, when no other punishment is prescribed, is punishable by fine not exceeding five thousand (5,000) dollars, and imprisonment in jail not exceeding one year."

Sections 84 and 137 of the Penal Code punish resistance to public officers when they act in the performance of their duties. Section 84, 33 L.P.R.A. § 274, considers a felony the attempt by means of threat or violence to deter or prevent a public officer from performing any duty imposed

upon such officer by law. Section 137 considers a misdemeanor to resist, delay or obstruct a public officer in the discharge of any duty of his office. Said sections provide the corresponding penalties. See the texts of the cited sections and *People* v. *Cancel*, 54 P.R.R. 26, 27 (1938).

In the instant case we have the refusal of a person to sign the form by which the Health Inspector notified him of the above-mentioned deficiencies and the fact that said person used obscene and offensive language. It has not been brought to our attention, nor have we found any law or regulation binding the person notified by the Health Inspector to sign said printed form or authorizing the Inspector to require it. In the absence of an obligation imposed by law or regulation based on law to sign said form, it is no offense to refuse to sign it.[1] And as the Inspector cannot force the person notified to sign the printed form, because he is not empowered by law or regulation to do so, the failure to sign it does not constitute a resistance, delay or obstruction to the officer in the performance of the duties of his office. It would be otherwise if appellant had resisted, delayed or obstructed the Inspector when the latter made the inspection or carried out any act for which he is empowered by law or regulation.

The Secretary of Health is authorized to prescribe regulations for the purpose of preventing diseases and protecting the public health. 3 L.P.R.A. § 178. The Act provides the procedure, which includes public hearings and final approval by the Governor, for the approval of said regulations. 3 L.P.R.A. § 179. The courts shall take judicial notice thereof.

---

[1] *Cf. Castle Enterprises, Inc.* v. *Registrar*, 87 P.R.R. 738 (1963), where we said: ". . . [I]n a free society, governed by the rule of law, when a public official says to a citizen 'You can not do that,' that official must be prepared to show that his faculty to impose prohibitions on the conduct of any person stems from some specific legal provision, namely, his power must issue from the Constitution, from a statute, or from some regulation promulgated under authority of law."

3 L.P.R.A. § 180. The Inspectors and Health Officers, either in person or through their agents, shall inspect buildings and houses to examine the sanitary conditions thereof pursuant to the terms of the Act. 3 L.P.R.A. § 181. The regulations applicable to the situation of this case are those of "Restaurants and Other Places Where Food is Served" beginning in 24 R.&R.P.R. § 350–751. Section 350–776 of said title 24 R.&R.P.R., provides as follows:

"The health official shall periodically visit, and make a detailed inspection of restaurants or moving food stands, filling out, in each case, the inspection blanks provided for the purpose. The health official shall take note of the sanitary deficiencies found and shall give the owner or person in charge of the restaurant the first copy of the inspection blank noting the deficiencies to be corrected, allowing the owner or person in charge of the establishment a reasonable number of days in the judgment of the health official to correct said noted deficiencies."

Violations of the aforecited regulations shall be punished pursuant to the provisions of § 33 of Act No. 81 of March 14, 1912, as amended. 3 L.P.R.A. § 187, 24 R.&R.P.R. § 350–782. (Act No. 156 of May 10, 1945, Sess. Laws, p. 528, amended § 33 of Act No. 81 of March 14, 1912.)

The record of this case does not show that there was assault and battery. Probably appellant's vile and offensive language and conduct constituted a disturbance of the peace, § 368 Penal Code, 33 L.P.R.A. § 1439, but appellant is not accused of any of those offenses.[2] The facts of this case, as we said, although they may have constituted a disturbance of the peace, do not constitute a violation of § 137 of the

---

[2] Contrary to the idea which seems to prevail in general, the peace of a person may be disturbed by offensive conduct and provocations. Section 368 of the Penal Code contains diverse modalities. The peace of any neighborhood or only of a single individual may be disturbed. Said peace may be disturbed by different manners. One of these is by offensive conduct. See the text itself of § 368 and People v. Ways, 29 P.R.R. 311, 312–313 (1921) and Ramos v. District Court, 73 P.R.R. 399, 401 (1952).

Penal Code. The public purpose of the Department of Health is not frustrated. As we pointed out, the law authorizes its inspectors to see that all health laws are complied with and the violations of said laws and of its regulations constitute a public offense.

The judgment appealed from will be reversed.